# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| Mario Alexander GUEVARA,<br><br>    *Petitioner*,<br><br>v.<br><br>George STERLING, in his official capacity as Director of the Atlanta Field Office, Immigration and Customs Enforcement *et al.*,<br><br>    *Respondents*. | Case No. 2:25-cv-00104-LGW-BWC |

## **DECLARATION OF DUSTIN R. BAXTER**

I, Dustin R. Baxter, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am attorney licensed in both Oregon and Georgia and have been practicing law since 2005.
2. I am currently the managing partner at Kuck Baxter LLC, a firm specializing in immigration matters.
3. Over the past twenty years, my firm and I have handled more than 1,000 bond matters, and several thousand removal defense cases before the immigration court.
4. I have reviewed Mario Guevara's immigration matter and have made myself familiar with facts of his case, including the current case posture.
5. In my twenty years of practice I have never seen or heard of a case, like in the matter of Mario Guevara, where the Office of the Principal Legal Advisor (OPLA) would reserve appeal on a Judge's bond grant, and then file a notice of appeal contending that an individual was a danger to the community without direct evidence of the danger, a prior criminal record/conviction, or proof of dangerous activities.
6. I have represented at least one other individual seeking bond before the immigration court, where OPLA presented evidence of access to a gun to convince the Judge that my client was a danger to the community. In that case, we argued, and the Judge found that the individual was not a danger to the community based solely on potential accessibility of a weapon without substantiating criminal history. A bond was granted and OPLA did not file an appeal.
7. In my experience, OPLA appeals of bond grants typically only happen where OPLA is contending that a judge did not have jurisdiction to hear the bond in the first place, or that there was overwhelming proof in the record of a Respondent being a danger to the community, specifically, criminal convictions.
8. While I am currently seeing many appeals filed by OPLA in cases involving jurisdictional issues, Mario Guevara's case stands out as unique in that OPLA has filed an appeal where jurisdiction is not an issue, danger to the community is the issue, and there are no criminal convictions, just intimations that the individual has access to a weapon.
9. Mario Guevara's case seems an outlier where the common practice is for OPLA to accept a Judge's decision and not use resources to appeal a bond matter where there is no criminal conviction yet OPLA is arguing danger.

Executed on August 19, 2025 in Atlanta, Georgia.

Signature: _____

Dustin R. Baxter

---

Subscribed and sworn to before me this 19 day of August, 2025.

Notary Public

_[Signature: Emma E Carter]_

_[Notary Seal: EMMA E CARTER, NOTARY PUBLIC, CHEROKEE COUNTY, GEORGIA, MY COMMISSION EXPIRES AUGUST 22, 2027]_