UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

Mario Alexander GUEVARA,

*Petitioner*,

v.

LaDeon FRANCIS, in his official capacity as Director of the Atlanta Field Office, Immigration and Customs Enforcement *et al.*,

*Respondents*.

Case No. 25-cv-86

### SUPPLEMENTAL DECLARATION OF JESSICA CALMES

I, Jessica Calmes, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1. I am over the age of 18, am competent to give this declaration, and testify from my own personal knowledge regarding the facts in this declaration.

2. I am an attorney with Diaz & Gaeta and represent Petitioner Mario Alexander Guevara in his immigration proceedings. I am also co-counsel in this action. I submit this declaration in support of Petitioner's Motion for Preliminary Injunction.

3. On June 27, 2025, the Government filed a motion to recalendar Mr. Guevara's appeal to the Board of Immigration Appeals ("BIA") in his immigration case. A true and correct copy of the motion to recalendar is attached as **Exhibit 17**.

4. Although the motion to recalendar bears a date of submission of June 23, 2025, it shows a filing date of June 27 in the U.S. Department of Justice, Executive Office for Immigration Review ("EOIR") portal, which is what the parties use to file and view documents in immigration cases. A

1

true and correct copy of a screenshot of the portal, reflecting this date, is attached as **Exhibit 18**.

5. According to the Declaration of Supervisory Detention and Deportation Officer Wanick Ambroise, filed in support of the Government's response to Mr. Guevara's preliminary injunction motion, the Department of Homeland Security ("DHS") filed the motion to recalendar "[o]n or about June 27, 2025." ECF No. 24-1 at ¶ 12.

6. On July 9, 2025, Mr. Guevara filed a non-opposition to the Government's motion to recalendar Mr. Guevara's appeal to the BIA and a motion to remand proceedings to the Immigration Judge ("IJ") so that he may apply for adjustment of status. A true and correct copy of the non-opposition and motion to remand is attached as **Exhibit 19**.

7. Mr. Guevara must have his removal proceedings recalendared and remanded to the IJ in order to seek adjustment of status. He cannot seek adjustment of status by applying with United States Citizenship and Immigration Services.

8. In the non-opposition, we indicated that the motion to recalendar is dated June 23, 2025, in conformity with the date appearing on the actual motion.

9. In the non-opposition, we noted that DHS misrepresented that Mr. Guevara was issued an order of removal in his immigration proceedings. In fact, the IJ denied Mr. Guevara's request for relief from removal but granted Mr. Guevara's request for voluntary departure.

10. Mr. Guevara has a pending I-130 petition filed by his U.S. citizen son and is *prima facie* eligible to adjust his status upon approval of the petition. He is *prima facie* eligible because he entered the United States on a visa and was inspected and admitted, a visa will be made immediately available to him upon approval of the I-130 petition, and he has no disqualifying criminal history.

11. If the BIA reverses the IJ's bond order, Mr. Guevara does not have a further right of appeal to another administrative or judicial body, including to the United States Court of Appeals for

the Eleventh Circuit. Instead, his only recourse will be to file a habeas petition in the District Court where he is being detained.

Executed this 3rd day of September, 2025

_____
Jessica Calmes

# Exhibit 17

Ryan Matsuno  **DETAINED**
Chief Counsel
Jessica Wallace
Deputy Chief Counsel
Devin Rees
Assistant Chief Counsel
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
146 CCA Road
Lumpkin, GA 31815

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### BOARD OF IMMIGRATION APPEALS

| | |
|---|---|
| In the Matter of: | |
| Mario Guevara | File No.: |
| In removal proceedings | |

### DEPARTMENT OF HOMELAND SECURITY
### MOTION TO RECALENDAR

COMES NOW, the U.S. Department of Homeland Security ("Department"), by and through its undersigned counsel, and respectfully requests that the Board of Immigration Appeals (Board) recalendar the above-captioned case. A Notice to Appear (NTA) was issued in this matter on DATE DATE, YEAR. Following an individual merits hearing on June 21, 2012, the respondent was ordered removed by an immigration judge. This decision was appealed. On or about December 17, 2012, the case was administratively closed by the Board. The respondent is currently in the custody of Immigration and Customs Enforcement at the Folkston ICE Processing Center in Folkston, Georgia. *See* Tab A, attached.

**WHEREFORE,** the Department respectfully moves the Board to recalendar the above-captioned case.

Respectfully submitted on this 23rd day of June, 2025.

_____
Devin Rees
Assistant Chief Counsel
Jessica Wallace
Deputy Chief Counsel
Ryan Matsuno
Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 23rd day of June, 2025, I served a true and correct copy of the foregoing Department of Homeland Security's Motion to Recalendar, by first-class mail, postage prepaid, upon:

**Byron W. Kirkpatrick**
**Troutman Sanders LLP**
**600 Peachtree Street NE, Suite 5200**
**Atlanta, GA 30308**

_____
Devin Rees
Assistant Chief Counsel

2

# Exhibit 18

[< Back to Cases](#)

**A-Number:** ▓▓▓▓▓▓▓▓, GUEVARA, MARIO ALEXANDER

| Select a case to view details and file documents | | | |
|---|---|---|---|
| ▾ Removal | Charging Doc. Date: 06/23/2008 | | Case Completed |
| Motion to Reinstate, Filed at BIA | Filed on Date: 06/27/2025 | | Case Pending |
| Case Appeal | Filed on Date: 07/17/2012 | | Case Completed |
| ▾ Bond | Charging Doc. Date: -- N/A -- Bond Request Date: 06/20/2025 | | Case Completed |
| Bond Appeal | Filed on Date: 07/03/2025 | | Case Pending |

*End of list. Please file a Form EOIR-27 or EOIR-28 using "Appearances" link in the header to view additional cases.*

### BIA Information

| | |
|---|---|
| **BIA Case Type:** | Motion to Reinstate, Filed at BIA |
| **Filed On Date:** | 06/27/2025 |

🗒 This case has a paper ROP. All filings must be made in paper.

| | | | |
|---|---|---|---|
| **Alien Name:** | GUEVARA, MARIO ALEXANDER | | |
| **Appeal Due Date:** | N/A | | |
| **Alien Brief Due Date:** | -- N/A -- | **Alien Brief Filed On Date:** | -- N/A -- |
| **DHS Brief Due Date:** | -- N/A -- | **DHS Brief Filed On Date:** | -- N/A -- |
| **BIA Decision Date:** | -- N/A -- | **BIA Decision:** | Pending |

### BIA Actions

ⓘ The documents for this case do not exist online.

For information on viewing or obtaining a copy of the official record, please consult the EOIR Policy Manual available at [www.justice.gov/eoir](http://www.justice.gov/eoir).

# Exhibit 19

Giovanni Diaz, Esquire
Attorney for Respondent
Diaz & Gaeta Law, LLC
2400 Herodian Way SE, Ste. 275
Smyrna, Georgia 30080
Tel.: ▮

**DETAINED**

 ORIGINAL

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## BOARD OF IMMIGRATION APPEALS
## FALLS CHURCH, VIRGINIA

In the Matter of:                )
                                 )
GUEVARA, Mario Alexander         )        File No. A ▮
                                 )
In Removal Proceedings           )
                                 )

**RESPONDENT'S NONOPPOSITION TO MOTION TO RECALENDAR**
**MOTION TO REMAND REMOVAL PROCEEDINGS**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

| | |
|---|---|
| In the Matter of: ) ) ) GUEVARA, Mario Alexander ) ) ) In Removal Proceedings ) ) ) | File No. A ▮▮▮▮▮▮▮▮ |

## RESPONDENT'S NONOPPOSITION TO MOTION TO RECALENDAR
## MOTION TO REMAND REMOVAL PROCEEDINGS

COMES NOW Respondent, by and through undersigned Counsel, to join the Department of Homeland Security's (DHS) 6/23/2025 Motion to Recalendar, and to request that proceedings be remanded to allow Respondent to apply for adjustment of status. Respondent is the beneficiary of a pending immediate relative I-130 petition filed by his U.S. citizen son and is *prima facie* eligible for adjustment of status upon approval. While Respondent does not oppose recalendaring, Respondent notes that DHS has misrepresented the facts of this case in their motion – most notably, that Respondent was issued an order of removal. The correct facts are as follows:

### Brief Statement of Facts and Procedural History

1. Respondent is a native and citizen of El Salvador, born on September 25, 1977.
2. Respondent entered the United States on March 28, 2004, on a B2 visa. See NTA; Exh. 1, Respondent's I-94.
3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4. On June 28, 2008, that application was referred to the Immigration Judge for adjudication in removal proceedings. See Referral Notice.

5. On the same date the DHS issued Respondent and riders Notices to Appear, charging them as removable under Section 237(a)(1)(B). See NTA.

6. On June 21, 2012, The Immigration Judge denied Respondent's ███████ ███████████████████████ and granted Respondent's request for Voluntary Departure in the alternative. See Order of the Immigration Judge.

7. Respondent timely appealed the denial of his I-589 application to the Board of Immigration Appeals (BIA).

8. On December 17, 2012, the BIA administratively closed removal proceedings pursuant to an exercise of prosecutorial discretion by the DHS. See Order of the BIA.

9. On April 7, 2025, Respondent's U.S. citizen son filed an immediate relative I-130 petition on his behalf. The petition is currently pending. See Exh. 2, I-130 Receipt Notice.

10. On June 23, 2005, the DHS filed a Motion to Recalendar removal proceedings. See DHS Motion to Recalendar.

## Legal Argument

Either party may request remand to the Immigration Judge. Matter of Coelho, 20 I&N Dec. 464, 473 (BIA 1992). A motion to remand should conform to the same standard as a motion to reopen, and will be granted where the new evidence "would likely change the result in the case." Id. When the respondent is seeking previously unavailable relief, the BIA looks to whether "there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits [...]." Matter of L-O-G-, 21 I&N Dec. 413 (BIA 1996).

The status of a noncitizen who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if: (1) the noncitizen makes an application for such adjustment; (2) the noncitizen is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time his application is filed. INA § 245(a).

In the present case, remand of removal proceedings is warranted to allow Respondent to seek previously unavailable relief, namely adjustment of status. Respondent is *prima facie* eligible for adjustment of status, pending the approval of the immediate relative I-130 petition filed by his U.S. citizen son, and there is more than a "significant likelihood" that his application for adjustment of status will be granted.

Respondent is prima facie eligible for adjustment of status. He entered the U.S. on a visa and was inspected and admitted. He is the beneficiary of a pending immediate relative I-130 petition filed by his U.S. citizen son, and a visa is immediately available to him. Respondent has no disqualifying criminal history and is admissible.

## Conclusion

For the foregoing reasons, Respondent requests that proceedings be recalendared and remanded to the Immigration Judge to allow Respondent to apply for adjustment of status.

Respectfully submitted on this 9th day of July, 2025.

Giovanni Diaz, Esq.
Attorney for Respondent
Diaz & Gaeta Law, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 9th day of July, 2025, I served a true and correct copy of the foregoing **RESPONDENT'S NONOPPOSITION TO MOTION TO RECALENDAR MOTION TO REMAND REMOVAL PROCEEDINGS**, via eService, upon:

Office of the Principal Legal Advisor, Atlanta (Lumpkin)
146 CCA Road
Lumpkin, GA 31815

Giovanni Diaz, Esq.
Attorney for Respondent
Diaz & Gaeta Law, LLC