IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARIO ALEXANDER GUEVARA, § | |
| § | |
| *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:25-cv-00086 |
| § | |
| GEORGE STERLING, *et al.* § | |
| *Respondents*. § | |
| § | |

**UNOPPOSED MOTION OF NON-PARTY THE INTERCEPT MEDIA, INC.
TO INTERVENE AND TO LIFT THE REMOTE ACCESS RESTRICTIONS
UNDER F.R.C.P. 5.2(c), WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 24(b), non-party The Intercept Media, Inc. ("The Intercept") respectfully moves for leave to intervene and requests that the Court issue an order directing the Clerk of Court to make the judicial records filed in the above-captioned matter electronically accessible to the public. Counsel for Petitioner and Respondents have indicated that they do not oppose this motion to intervene. Petitioner's counsel indicated their client consents to lifting the remote access restrictions currently in place under Fed. R. Civ. P. 5.2(c), while Respondents take no position on the matter.

I.   **INTRODUCTION & FACTUAL BACKGROUND**

The Intercept Media, Inc. publishes The Intercept, a nonprofit digital news outlet that covers the numerous legal challenges around the country to the federal government's detention and attempted deportation of activists, students, protestors, and others exercising their rights under

1

the First Amendment.[1] This is one of those cases: the Petitioner, Mr. Guevara, alleges that the government detained him "in order to retaliate against him for his constitutionally-protected speech and reporting, and to gag him from further speaking and reporting." ECF No. 1, ¶ 1.[2]

Mr. Guevara's case, and cases like his, are matters of profound national importance. They are central to a national public debate about the scope and legality of the Trump administration's actions regarding non-citizens who allege they were targeted for removal for exercising their rights under the Constitution. In each case, it is vital that the public understand the parties' arguments as well as the evidence upon which courts evaluate them.

Currently, however, access to the filings in this case is restricted under Rule 5.2(c) of the Federal Rules of Civil Procedure, which prohibits non-parties from remotely accessing the full electronic record via PACER. Under these restrictions, members of the press and the public may only access the full electronic record by visiting the courthouse in person. The Intercept's journalists cover this case remotely, and do not have the capacity to travel to Georgia to cover the proceedings or access court filings. Nor should The Intercept spend its limited financial resources to hire a runner to access those records.

Accordingly, The Intercept moves for leave to intervene and respectfully requests that the Court exercise its discretion under Rule 5.2(c) to enter an order directing the Clerk of Court to

---

[1] *See, e.g.*, Natasha Lennard, *Universities Told Students to Leave the Country. ICE Just Said They Didn't Actually Have To*, The Intercept (April 17, 2025), https://theintercept.com/2025/04/17/international-student-visas-deport-dhs-ice/; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://theintercept.com/2025/03/30/tufts-rumeysa-ozturk-ice-immigration-op-ed; Akela Lacy, *Palestinian Student Leader Was Called In for Citizenship Interview — Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://theintercept.com/2025/04/14/ice-columbia-student-mohsenmahdawi-citizenship-interview; Jonah Valdez, *What Comes Next in Mahmoud Khalil's Fight Against Deportation*, The Intercept (Apr. 12, 2025), https://theintercept.com/2025/04/12/mahmoud-khalil-immigration-hearing-deportation-trump.

[2] The petition is not electronically accessible on the Court's docket, but it was made available to the public by Petitioner's counsel: https://www.aclu.org/documents/habeas-petition-for-mario-guevara.

make all filings in this case accessible electronically, except where the Court has made specific findings that a judicial record, or portions of a judicial record, must remain under seal.[3]

## II. ARGUMENT

### a. The Intercept's Motion to Intervene Should Be Granted.

"The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *In re Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986). Permissive intervention under Rule 24(b) is proper so long as the motion is timely, would not cause prejudice to the parties, and the movant's claim shares a common question of law or fact with the underlying matter. The Intercept meets each of these requirements.

*First*, this motion is timely. The matter was filed on August 20, 2025, and The Intercept Media, Inc. acted quickly to confer with counsel and file this motion. *See Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1294 (11th Cir. 2017) (finding intervention timely even though the contested order was entered 33 years earlier); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1308 (11th Cir. 2001) (noting timely intervention by members of the media "in the months following settlement" of the original case).

*Second*, The Intercept's motion satisfies Rule 24's "common question" requirement, which "courts liberally construe." *Wave Length Hair Salons of Fla. v. Cbl & Assocs. Props.*, No. 2:16-cv-206-FtM-PAM-MRM, 2020 U.S. Dist. LEXIS 258124, at *8 (M.D. Fla. May 7, 2020) (citing *Stallworth v. Monsanto*, 558 F.2d 257, 269 (5th Cir. 1977)). *See also Comm'r v. Advance Local Media, LLC,* 918 F.3d 1161, 1173 n.12 (11th Cir. 2019) ("Many circuits recognize that parties 'seeking to intervene in a case for the limited purpose of unsealing judicial records' need not show

---

[3] In several similar cases, this has been accomplished by directing the Clerk to change the "nature of suit" code in the case to No. 530 ("Habeas Corpus"). *See, e.g.*, *J.A.V. v. Trump*, No. 1:25-cv-00072, ECF No. 55 (S.D. Tex. Apr. 25, 2025); *W.M.M. v. Trump*, No. 1:25-cv-00059, ECF No. 53 (N.D. Tex. Apr. 29, 2025).

3

a 'strong nexus of fact or law' to the issues in the original case.") (quoting *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015)). Here, The Intercept seeks adjudication of whether the Court may keep judicial records from being electronically accessible—a claim which has been routinely recognized and vindicated through intervention. *In re Tribune Co.*, 784 F.2d at 1521; *Chi. Tribune* 263 F.3d at 1308. *Third*, this motion does not unduly delay or prejudice any existing party's rights. The parties do not oppose permissive intervention, and the discrete issue of lifting the remote access restrictions Rule 5.2(c) has no bearing on the merits of the case.

A "representative[] of the press and general public 'must be given an opportunity to be heard on the question of their exclusion'" when access to records is at stake, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401 (Powell, J., concurring)). The Intercept's motion to intervene should be granted.

    b. *The Intercept and the Public Have a Common Law and First Amendment Right to Electronically Access These Records.*

Press and public access to judicial records "ensure the continued integrity and transparency of our governmental and judicial offices." *Comm'r, Ala. Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d 1161, 1166-1167 (11th Cir. 2019). For these reasons, the public has the right to inspect and copy judicial records under both common law and the First Amendment.

Under the common law, although each court has discretion as to whether to seal or disclose judicial records, that "discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. United States AG*, 717 F.3d 1224, 1235 (11th Cir. 2013). The common law right of access "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chi. Tribune*, 263 F.3d at 1309). Whether good cause exists is "decided by the nature and character of

4

the information in question." *Chi. Tribune*, 263 F.3d at 1315. It is insufficient for a court to give "conclusory and speculative" reasons for withholding documents from the public. *Romero*, v. 480 F.3d at 1248. Instead, "[a]ny step that withdraws an element of the judicial process from public view . . . requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)). Here, blanket application of Rule 5.2(c) to all party filings frustrates the right of The Intercept and the broader public to track contemporaneous case developments that are not contained in docket text, or "an opinion, order, judgment, or other disposition of the court[.]" Fed. R. Civ. P. 5.2(c)(2)(A), (B). The immense public interest in this case necessitates "rigorous justification" before the judicial records are withheld from convenient access by the press and public.

Likewise, a presumption of access under the First Amendment has attached to these records. The Eleventh Circuit "has extended the scope of the constitutional right of access to include civil actions pertaining to the release or incarceration of prisoners and their confinement." *Chi. Tribune*, 263 F.3d at 1310 (citing *Newman v. Graddick*, 696 F.2d 796, 801 (11th Cir. 1983)). *See also In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 35-38 (D.D.C. 2009) (holding there is a historic tradition of providing the public access to habeas proceedings, and that access plays a "significant positive role in the function" of those proceedings (quoting *Press-Enterprise Co. v. Sup. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 8 (1986)). When a court "'attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Newman*, 696 F.2d at 802 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 615, 102 S. Ct. 2613, 2624 (1982). Here, no compelling governmental interest justifies the wholesale

denial of remote electronic access to the judicial records; nor is the blanket closure of electronic access required by Rule 5.2(c) narrowly tailored to serve that interest.

### III. CONCLUSION

For the foregoing reasons, the Court should grant The Intercept's motion and direct the Clerk of Court to make all previous and future filings in this case electronically accessible.

Date: September 5, 2025

Respectfully Submitted,

*/s/ Samantha C. Hamilton*
Samantha C. Hamilton (GA Bar No. 326618)
Atlanta Community Press Collective
8735 Dunwoody Place, Suite N
Atlanta, GA 30350
Email: samantha@atlpresscollective.com
Ph: 470-816-3319

## CERTIFICATE OF SERVICE

      I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

      Submitted this 5th day of September, 2025

      */s/ Samantha C. Hamilton*
      Samantha C. Hamilton