UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| Mario Alexander GUEVARA,<br><br>*Petitioner*,<br><br>v.<br><br>LaDeon FRANCIS, in his official capacity as Director of the Atlanta Field Office, Immigration and Customs Enforcement *et al.*,<br><br>*Respondents*. | Case No. 25–cv–86 |

## SECOND SUPPLEMENTAL DECLARATION OF JESSICA CALMES

I, Jessica Calmes, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1. I am over the age of 18, am competent to give this declaration, and testify from my own personal knowledge regarding the facts in this declaration.

2. I am an attorney with Diaz & Gaeta and represent Petitioner Mario Alexander Guevara in his immigration proceedings. I am also co-counsel in this action. I submit this declaration in support of Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction.

3. On September 19, 2025, I received a Board of Immigration Appeals ("BIA") decision on the Government's appeal of the July 1, 2025 bond order. A true and correct copy of the decision is attached as **Exhibit 20**.

1

4. The BIA decision states that "the administrative records of this Agency reflect that the Board denied a motion to remand and dismissed the respondent's appeal of an Immigration Judge's decision ordering the respondent removed in removal proceedings." Although the BIA decision states that the IJ's decision ordered Mr. Guevara "removed in removal proceedings," that is incorrect. The IJ's decision denied Mr. Guevara's request for relief from removal but granted him voluntary departure. A true and correct copy of the IJ's decision is available as Exhibit A to the Declaration of Wanick Ambroise, ECF No. 24-1.

5. The grant of voluntary departure is also reflected in the U.S. Department of Justice, Executive Office for Immigration Review ("EOIR") portal, which is what the parties use to file and view documents in immigration cases. A true and correct copy of a screenshot of the portal, reflecting this notation, is attached as **Exhibit 21**.

6. The IJ's decision states that voluntary departure is contingent upon Mr. Guevara's "posting of a bond of $500 within five business days." Ambroise Decl. Ex. A, at 17, ECF 24-1. Mr. Guevara posted the $500 bond within five days of his receipt of the IJ's decision in June 2012.

7. There is no final order of removal against Mr. Guevara. Although the IJ entered an alternate order of removal, that order is not administratively final—and thus executable by the Government—unless and until Mr. Guevara fails to depart the country within the 60-day time period provided in his voluntary departure order. 8 C.F.R. § 1241.1(f).

8. Although the BIA decision references additional BIA decisions denying Mr. Guevara's motion to remand and dismissing Mr. Guevara's appeal of the IJ's decision, I have not yet received copies of those decisions.

9. Although Mr. Guevara was granted voluntary departure, because he is currently detained, he is at risk of being placed on a plane and deported to El Salvador at any moment. Our

firm has represented clients who have been granted voluntary departure but who have nonetheless been removed before the expiry of the voluntary departure timeline because they were in immigration detention at the time they were granted voluntary departure. I have also seen this happen to other individuals represented by other immigration practitioners and firms.

Executed this 22nd day of September, 2025

*Jessica Calmes*

**Exhibit 20**



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041



| | |
|---|---|
| **Diaz, Giovanni J.**<br>Diaz& Gaeta Law<br>2400 Herodian Way SE Suite 275<br>Smyrna  GA  30080 | **DHS/ICE OFFICE OF CHIEF COUNSEL - SDC**<br>146 CCA ROAD, P.O. BOX 248<br>LUMPKIN GA 31815 |

**Name:** GUEVARA, MARIO ALEXANDER             ▇▇▇▇▇▇▇

Date of this Notice:    9/19/2025

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Docket



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

| | |
|---|---|
| **GUEVARA, MARIO ALEXANDER** | **DHS/ICE OFFICE OF CHIEF COUNSEL - SDC** |
| **FOLKSTON ANNEX IPC** | **146 CCA ROAD, P.O. BOX 248** |
| **P.O. BOX 248** | **LUMPKIN GA 31815** |
| **FOLKSTON GA 31537** | |

**Name:** GUEVARA, MARIO ALEXANDER

**Date of this Notice:** 9/19/2025

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Docket

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Mario Alexander GUEVARA,

Respondent

FILED
Sep 19, 2025

ON BEHALF OF RESPONDENT: Giovanni J. Diaz, Esquire

ON BEHALF OF DHS: Emily C. Reece, Deputy Chief Counsel

IN BOND PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Lumpkin, GA

Before: Malphrus, Chief Appellate Immigration Judge; Gemoets, Appellate Immigration Judge; McCloskey, Temporary Appellate Immigration Judge[1]

Opinion by Appellate Immigration Judge Gemoets

GEMOETS, Appellate Immigration Judge

The Department of Homeland Security ("DHS") has appealed the Immigration Judge's order of July 1, 2025, granting the respondent's custody redetermination request and ordering that he be released from custody upon payment of a $7,500 bond. The basis for the Immigration Judge's order is set forth in a memorandum dated July 11, 2025. The respondent, a native and citizen of El Salvador, opposes the appeal. The appeal will be dismissed as moot.

The administrative records of this Agency reflect that the Board denied a motion to remand and dismissed the respondent's appeal of an Immigration Judge's decision ordering the respondent removed in removal proceedings. The Immigration Judge's decision is now final. *See* 8 C.F.R. § 1241.1(a). The authority of an Immigration Judge to set bond conditions ceases at the entry of a final administrative order. *See* 8 C.F.R. § 1236.1(d)(1). The Board's authority to set bond conditions on appeal from an Immigration Judge's order derives from the Immigration Judge's underlying authority to redetermine conditions of custody. At this time, neither an Immigration Judge nor this Board has the authority to set bond conditions because a final administrative order has been entered in the respondent's removal case.

Accordingly, the following orders are entered.

ORDER: The bond appeal is dismissed as moot.

---

[1] Temporary Appellate Immigration Judges sit pursuant to appointment by the Attorney General. *See generally* 8 C.F.R. § 1003.1(a)(1), (4).

██████

2

      FURTHER ORDER:  The Board's July 7, 2025, decision staying the execution of the bond is vacated and is no longer in effect.

# Exhibit 21

