**Via CM/ECF**

September 23, 2025

Hon. Benjamin W. Cheesbro
United States District Court
Southern District of Georgia
801 Gloucester Street
Brunswick, GA 31521

Re: *Guevara v. Francis*, No. 25-cv-86

Dear Judge Cheesbro,

We represent Petitioner Mario Guevara in this matter. We write to provide the Court with an urgent update in Mr. Guevara's immigration case and to respectfully urge the Court to issue the immediate relief requested in the pending emergency motions before the Court.

Tonight, counsel for Mr. Guevara received the Board of Immigration Appeal's decision in Mr. Guevara's removal proceedings, which is attached as **Exhibit A**. The decision "decline[s] to reinstate the Immigration Judge's order granting the respondent post-conclusion voluntary departure" on the grounds that Mr. Guevara "has not presented any evidence that he posted the voluntary departure bond." Ex. A at 8.

Mr. Guevara posted the voluntary departure bond on June 26, 2012, within five business days of the Immigration Judge's June 21, 2012 decision, as evidenced by **Exhibit B**. Exhibit B is a receipt issued by ICE, dated June 26, 2012, demonstrating the $500 posting of bond.

In addition, ICE issued a notice of cancellation of the bond on April, 21 2015, as evidenced by **Exhibit C**. The notice states that "[t]he conditions of the . . . bond appearing to have been satisfied, the bond is canceled." ICE appears to have initiated cancellation of the bond in 2015 as a result of the administratively closed removal proceedings against Mr. Guevara.

Because the BIA's decision erroneously concludes that Mr. Guevara did not post voluntary departure bond, it has entered the alternate order of removal. Mr. Guevara is therefore subject to a final order of removal and may be removed to El Salvador at any moment, thereby depriving this Court of jurisdiction over this case and the pending emergency motions.

Mr. Guevara requests this Court's immediate relief on the grounds presented in his motion for temporary restraining order and/or preliminary injunctive relief filed yesterday. First, because he posted the voluntary departure bond, he should be subject to a voluntary departure order, and his detention is therefore unlawful under the Immigration and Nationality Act. Second, his detention is intended to gag and punish his speech and therefore continues to violate the First

Amendment. Mr. Guevara therefore respectfully requests an order immediately releasing him while this habeas action proceeds.

In addition, Mr. Guevara respectfully requests the Court issue an order that he not be removed from the United States pending adjudication of this action or, in the alternative, the pending emergency motions, in order to preserve this Court's jurisdiction under the All Writs Act, 28 U.S.C. § 1651. As detailed in Mr. Guevara's brief filed yesterday, courts have routinely granted stays of removal *pendente lite* to habeas petitioners and other litigants when the Government's effort to deport them threaten to undermine the court's ability to hear and decide the case and effectuate the relief sought. *See, e.g.*, *Ghamelian v. Baker*, No. 25–cv–2106, 2025 WL 2074155, at *1 (D. Md. July 23, 2025) (noting court had previously entered order "administratively staying Petitioner's removal from the United States to permit this Court's adjudication of the Petition"); *Arostegui-Maldonado v. Baltazar*, No. 25–cv–2205, 2025 WL 2280357, at *16 (D. Colo. Aug. 8, 2025) (staying petitioner's removal and enjoining transfer out of district pursuant to AWA during pendency of habeas petition); *Ragbir v. United States*, No. 17–cv–1256, 2018 WL 1446407 (D.N.J. Mar. 23, 2018) (granting stay of removal *pendente lite* in coram nobis proceeding challenging conviction that was basis for petitioner's removal order); *cf. Ozturk v. Hyde*, 136 F.4th 382, 394–95 (2d Cir. 2025) (upholding district court's jurisdiction under AWA and the "equitable and flexible nature of habeas relief" to order petitioner's transfer). Indeed, the entry of such orders is a "quintessential judicial act[]." *United States v. Russell*, No. 25–cv–02029, 2025 WL 2448955, at *3 (D. Md. Aug. 26, 2025) (dismissing federal executive's challenge to District of Maryland standing order granting temporary stays of removal in connection with new immigration habeas cases).

Respectfully submitted,

Andres Lopez-Delgado (GA Bar # 552876)
Cory Isaacson (GA Bar # 983797)
American Civil Liberties Union
Foundation of Georgia
P.O. Box 570738
Atlanta, GA 30357
(770) 415-5490
adelgado@acluga.org
cisaacson@acluga.org

Michael K.T. Tan*
American Civil Liberties Union Foundation
425 California Street, 7th Floor
San Francisco, CA 94104
(808) 490-3806
m.tan@aclu.org

*/s/ Scarlet Kim*
Scarlet Kim*
Vera Eidelman*
Tyler Takemoto*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
scarletk@aclu.org
veidelman@aclu.org
ttakemoto@aclu.org
Clare R. Norins (GA Bar # 575364)
Ward Evans[+] (GA Bar # 487147)
First Amendment Clinic
University of Georgia School of Law
P.O. Box 388
Athens, Georgia 30603
(706) 542-1419
cnorins@uga.edu
ward.evans@uga.edu

Giovanni Diaz (GA Bar # 246622)
Jessica Calmes (GA Bar # 202719)
Zachary Gaeta (GA Bar # 507940)
Diaz & Gaeta Law, LLC
2400 Herodian Way SE, Suite 275
Smyrna, GA 30080
(678) 503-2780
(404) 341-9370
diaz@dglawga.com
calmes@dglawga.com
gaeta@dglawga.com

Donald F. Samuel (GA Bar # 624475)
Garland, Samuel & Loeb, P.C.
3151 Maple Drive
Atlanta, GA 30305
(404) 262-2225
dfs@gsllaw.com

*Admitted *pro hac vice*
[+] Admission pending

*Counsel for Petitioner*

# Exhibit A



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Diaz, Giovanni J.
Diaz&  Gaeta Law
2400 Herodian Way SE  Suite 275
Smyrna  GA  30080

**DHS/ICE Office of Chief Counsel - ATL**
**401 W. PEACHTREE STREET NW, SUITE 2850**
**Atlanta GA 30308**

**Name: GUEVARA, MARIO ALEXANDER**　███████████

**Date of this Notice:    9/19/2025**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

John Seiler
Acting Chief Clerk

Enclosure

Userteam:  Docket

**NOT FOR PUBLICATION**

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

MATTER OF:

Mario Alexander GUEVARA, ███████████

Respondent

**FILED**
Sep 19, 2025

ON BEHALF OF RESPONDENT: Giovanni J. Diaz, Esquire

ON BEHALF OF DHS: Susan Lecker, Assistant Chief Counsel

IN REMOVAL PROCEEDINGS
On Motion from a Decision of the Board of Immigration Appeals

Before: Malphrus, Chief Appellate Immigration Judge; Gemoets, Appellate Immigration Judge; McCloskey, Temporary Appellate Immigration Judge[1]

Opinion by Appellate Immigration Judge Gemoets

GEMOETS, Appellate Immigration Judge

In a decision dated December 17, 2012, the Board administratively closed these proceedings pursuant to a joint motion by the parties. Prior to administrative closure the respondent filed a timely Notice of Appeal of the Immigration Judge's June 21, 2012, decision denying his applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A), and for protection under the regulations implementing the Convention Against Torture ("CAT").[2] The Immigration Judge granted the respondent voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b). Prior to administrative closure the respondent filed a brief in accordance with the issued briefing schedule. The Department of Homeland Security (DHS) did not submit an appellate brief.

On June 27, 2025, DHS filed a motion to recalendar the appeal before the Board. The respondent filed a non-opposition to the DHS motion and a motion to remand the removal proceedings. DHS submitted an opposition to the respondent's motion to remand, to which the respondent replied. DHS' unopposed motion to recalendar will be granted. The respondent's motion to remand will be denied and his appeal will be dismissed.

---

[1] Temporary Appellate Immigration Judges sit pursuant to appointment by the Attorney General. *See generally* 8 C.F.R. § 1003.1(a)(1), (4).

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c)-1208.18.

The respondent, a native and citizen of El Salvador, appeals from the Immigration Judge's June 21, 2012, *See* 8 C.F.R. §§ 1208.16 and 1208.18. The respondent's appeal will be dismissed.

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).











The respondent has filed a motion to remand to allow him to pursue an application for adjustment of status (Respondent's Motion; DHS Opposition).[3] A motion to remand must comply with the substantive requirements for a motion to reopen. *See Matter of Coelho*, 20 I&N Dec. at 471 (discussing that a motion to remand may constitute requirements of a motion to reopen where the alien requests additional proceedings); 8 C.F.R. § 1003.2. Evidence offered in support of a motion to remand must be material and not available or presentable at the former hearing. 8 C.F.R. § 1003.2(c)(1). In addition, a respondent seeking new relief must demonstrate prima facie eligibility for that relief. *See Matter of Coelho*, 20 I&N Dec. at 472. A party demonstrates prima facie eligibility for relief "where the evidence reveals a reasonable likelihood that the statutory

---

[3] The respondent has also submitted a Motion to Request the Office of Principal Legal Advisor to Affirmatively Request USCIS to Expedite the Adjudication of Respondent's I-130 Petition. The respondent's motion cites for authority three policy memoranda from DHS (Respondent's List of Supporting Exhibits). DHS does not direct policy for the Executive Office of Immigration Review and the respondent's request is not properly before us. The respondent's reference to "OPLA" appears to reference OPLA for Immigration and Customs Enforcement (Respondent's Response at 3). The respondent may direct his request to DHS or appropriate agency, if so supported.

requirements for relief have been satisfied." *Matter of S-V-*, 22 I&N Dec. 1306, 1307-08 (BIA 2000); *Kaur v. Garland*, 2 F.4th 823 (9th Cir. 2021) (using reasonable likelihood standard).

In support of his motion to remand, the respondent submits evidence that he was inspected and admitted into the United States (Respondent's Motion, Exh. A), and that a Form I-130, Petition for Alien Relative, has been filed with U.S. Citizenship and Immigration Services ("USCIS") (Respondent's Motion, Exh. B), that identifies the respondent as the parent of a United States citizen. We conclude that the respondent's pending and unapproved visa petition is insufficient for the respondent to meet his burden to show prima facie eligibility for relief. *See I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992); *Al Najjar v. Ashcroft*, 257 F.3d 1262 at 1302. We find that *Chacku v. U.S. Att'y Gen.*, is relevant to the respondent's claim (DHS Opposition; Respondent's Response at 2-3). 555 F.3d 1281 (11th Cir. 2008). In that case, the U.S. Court of Appeals for the Eleventh Circuit upheld the Board's determination denying the respondent's motion to reopen when the respondent had an approved visa petition and a pending adjustment application but did not have an immigrant visa immediately available to him at the time of filing his application. *Id.* at 1286. We conclude that similarly in the instant case, the respondent does not have an approved visa petition, has provided only a filing receipt for the immigrant-visa petition, and did not submit a completed Form I-485 adjustment application, he has not shown that an immigrant visa is immediately available or that he is prima facie eligible for relief. *See, e.g., Matter of Hashmi*, 24 I&N Dec. 785, 792 (BIA 2009) ("To determine the likelihood of success of the adjustment application, the Immigration Judge needs some basis to examine the merits of the application.").

The respondent argues that *Chacku* is distinguishable because approval of the respondent's preference category employment visa petition did not entitle the respondent to an immediately available visa (Respondent's Response at 2). We refer to *Chacku* in finding that the respondent failed to demonstrate prima facie eligibility for adjustment of status as he has not provided evidence of an approved visa petition, a copy of the application for adjustment of status, or evidence further establishing prima facie eligibility. In the absence of an approved visa petition or objective evidence that supports such immigrant-visa petition, other than a filing receipt, and the filing of an adjustment application, the respondent cannot establish that a visa is immediately available to him and that he is prima facie eligible for adjustment of status. *See, e.g., Alkotof v. U.S. Att'y Gen.*, 106 F.4th at 1300 (holding that because the applicant did not have an approved I-130 petition, the applicant "lacked an immediately available visa and was not eligible for adjustment of status"); *Merchant v. U.S. Att'y Gen.*, 461 F.3d 1375, 1377-78 (11th Cir. 2006) (holding that an immigrant has an immediately available visa when he may access a valid immigrant visa number).

The respondent has not sufficiently demonstrated his prima facie eligibility for adjustment of status. *See Matter of Chen*, 28 I&N Dec. 676, 682 (BIA 2023) (holding that a respondent seeking reopening must also establish prima facie eligibility for the relief sought). Under these circumstances, we conclude that the respondent has not demonstrated a reasonable likelihood of success on the merits of a potential application to adjust his status. *See Matter of L-O-G-*, 21 I&N Dec. 413, 420 (BIA 1996); *see also Matter of L-N-Y-*, 27 I&N Dec. 755, 757 (BIA 2020) (holding that prima facie eligibility for relief is a factor for consideration when adjudicating a request for continuance).

███████████

Finally, we decline to reinstate the Immigration Judge's order granting the respondent post-conclusion voluntary departure (IJ at 17-18). The Immigration Judge's grant was contingent upon the posting of a voluntary departure bond with DHS within 5 business days of the decision (IJ at 17-18). *See* 8 C.F.R. § 1240.26(c)(3)(i). The Immigration Judge advised the respondent of the requirements to post the bond within 5 business days and to submit evidence to the Board that he posted the bond in order for the Board to reinstate the period of voluntary departure (IJ at 17-18; Tr. at 198). See 8 C.F.R. § 1240.26(c)(3)(i)-(ii). The respondent has not presented any evidence that he posted the voluntary departure bond. We lack authority to grant the request to reinstate the voluntary departure order and will order the respondent removed from the United States pursuant to the Immigration Judge's alternate order (IJ at 17-18).

Accordingly, the following order is entered.

ORDER: The motion to recalendar is granted and these removal proceedings are reinstated.

FURTHER ORDER: The respondent's appeal is dismissed.

FURTHER ORDER: The respondent's motion to remand is denied.

FURTHER ORDER: The respondent is ordered removed from the United States to El Salvador pursuant to the Immigration Judge's alternate order.

NOTICE: If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the Department of Homeland Security, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* section 274D of the Immigration and Nationality Act, 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14).

# Exhibit B

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

**RECEIPT OF IMMIGRATION OFFICER - UNITED STATES BONDS OR NOTES,
OR CASH, ACCEPTED AS SECURITY ON IMMIGRATION BOND**

| 1. OBLIGOR | | |
|---|---|---|
| Name | | 2. Receipt Number |
| MARIO A GUEVARA | | ATL-C010163 |
| Number and Street | | 3. City and State |
| | | Atlanta, GA |
| City, State and Zip Code | | 4. Date |
| LILBURN, GA 30047 | | 06/26/2012 |

| 5. Name of Alien | 6. A-File | 7. Immigration bond |
|---|---|---|
| ▬▬▬▬▬ | ▬▬▬▬ | Date 06/26/2012 |
| | | Type VD BOND |

**8. UNITED STATES BONDS OR NOTES**

Said United States bonds/notes are assigned (State form of assignment, if registered)

| Title of Bonds/Notes | Coupon or Registered | Total Face Amount | Denomination | Serial No. | Interest Dates |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**9. CASH (Postal Money Order, Certified Check)**

The sum of FIVE HUNDRED                                    dollars ($ 500.00                )

In the form of * WELLS FARGO CASHIER'S CHECK NO;6591103123

* Description: U.S. Postal Money Order andNumber. Bank and Check number; or Number and Denomination of Coin and Currency.

**10. NOTICE TO OBLIGOR**

The Department of Homeland Security will deposit accepted cash in the United States Treasury. When all of its conditions have been met, the immigration bond will be cancelled, you will be so notified, and you may then recover the accepted security. Arrangement will be made for the return to you of the cash accepted as security when you surrender this receipt. **YOU MUST SURRENDER THE <u>ORIGINAL</u> OF THIS RECEIPT BEFORE THE SECURITY WILL BE RETURNED TO YOU. This receipt is not assignable.**

**11. ACCEPTANCE OF SECURITY**

The undersigned hereby acknowledges receipt from above-named obligor of the above-described security. deposited as security on above-named immigration bond filed with the undersigned on behalf of the above-named alien.

| 11a. Signature of Designated DHS Official | 11b. Name and Title of Designated DHS Official |
|---|---|
| | J. SUTANTO |

To: Obligor. When surrendered by Obligor, to: Finance, Regional Office

ICE Form I-305 (08/08)

# IMMIGRATION BOND

OMB No. 1653-0022; Expires 04/30/2013

(Bonded Alien) File No. ████████

Bond Receipt No. ATLC010163██

---

**H. Pledge and Power of Attorney for Use When United States Bonds or Notes Are Deposited As Security**

I hereby pledge the United States Bond/Notes described in the following schedule as security for the performance and fulfillment of the obligations described in paragraph C above in accordance with 6 U.S.C. 15, 31 CFR part 225, and Treasury Department Circular 154. I appoint the Attorney General of the United States as my attorney to collect, sell, assign, and transfer said United States Bond or Note. In the case of any default in performance of conditions herein, my attorney shall have the power to collect without appraisal or valuation notice, and to apply the proceeds to the satisfaction of any damages, demands, or deficiencies arising from such default. I waive my right to redeem this security.

| Title of Bond/Notes | Coupons Attached | Face Value | Interest Rate | Serial No. | Interest Dates |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(Affix Seal Here if Required)     (Signature of Person Pledging Bonds or Notes)

---

**I. Pledge and Power of Attorney For Use When Cash Is Deposited as Security**

I hereby pledge the amount of  FIVE HUNDRED                                  ($ 500.00                    )

United States currency as security for the performance and fulfillment of the obligations described in paragraph C above. I appoint the Attorney General of the United States as my attorney to collect or to assign and transfer the said sum of money. I agree that, in case of default in the performance of any of the conditions herein to which I have subscribed, said attorney shall have full power to collect said sum of money or any part thereof or to assign and transfer said sum or any part thereof deemed appropriate by said attorney to the satisfaction of any damages, demands, or deficiencies arising by reason of such default. I further empower said attorney, in the event all the conditions herein to which I have subscribed have been complied with and the bond is canceled, to deliver the said sum of money plus any interest accrued thereon, to me at my risk and expense by such means as said attorney shall select.

(Affix Seal Here if Required)     (Signature of Person Pledging Cash)

---

J. Before me, within the county/city/parish of   FULTON COUNTY              in   ATLANTA, GA           .

The above named individual personally appeared before us, acknowledged the execution of the foregoing power of attorney, and deposited the security described above. Witness our hands this   26   day of     JUNE       2012  .

_____ (Signature)          _____ (Title)

_____ (Signature)          _____ (Title)

---

ICE Form I-352 (4/11)                                                                 Page 5 of 5

# Exhibit C

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

**NOTICE – IMMIGRATION BOND CANCELLED**

O  Guevarva, Mario A.
B  514 HARVARD DRIVE
L  LILBURN, GA 30047
I   UNITED STATES
G
O
R

| | |
|---|---|
| Alien File No. ████ | |
| Cancellation Notice Date | 04/21/2015 |
| **IMMIGRATION BOND** | |
| Bond Type: ☑ Cash ☐ U.S. Bonds ☐ Surety | |
| Bond Post Date | 06/26/2012 |
| Bond Receipt No. | ATLC010162 |
| Amount | $500.00 |
| Alien's Name | Guevara, Mario Alexander |

The conditions of the above-described immigration bond appearing to have been satisfied, the bond is canceled. Any deposit of cash or U.S. bonds will be refunded to you upon receipt of proper documentation. Please comply with these instructions to complete your application. Inquiries regarding this form or your deposit should be addressed to the Department of Homeland Security Debt Management Center (DMC) at the address below.

SAVE THIS FORM. You must submit a COPY of this Form I-391 along with the ORIGINAL Form I-305, Receipt of DHS Official - U.S. Cash Accepted as Security on Immigration Bond (Delivery Confirmation recommended) to: Department of Homeland Security, Debt Management Center, P.O. Box 5000, Williston, VT 05495-5000. If you have lost your original Form I-305 you will be given an opportunity to submit an Original notarized Form I-395 Affadavit in Lieu of Lost Receipt.

If you wish to designate another person to receive the deposit on your behalf, you must complete a Designation of Attorney in Fact, Form I-312, designating that person and include the completed original notarized form in your application to the DMC.

If your address has changed you must furnish notice of the change of address to Department of Homeland Security, Debt Management Center, P.O. Box 5000, Williston, VT 05495-5000.

| KARLO E MIDEL | | Midel, K 3556, DO |
|---|---|---|
| Authorized DHS Signature | | Print Name/Title |

You may use a copy of this form to change your address. Complete the information below and mail the Completed form to the above address.

My address has changed. Please send all further correspondence to:

Street Address                      City or Town, State                  Zip Code

Signature of Obligor                         Date

ICE Form I-391 (09/07)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcemen

## NOTICE TO CASH BOND OBLIGORS
## IRS "BACKUP WITHHOLDING" RULES

A "cash bond obligor" is the person who has paid the money to post an imr
immigration cash bonds can earn simple interest at the rate of 3% per year
payment and possible backup withholding after (1) the cash bond is cancel
obligor submits INS Form W-9 or W-8BEN.

In certain circumstances, U.S. Immigration and Customs Enforcement (ICE
Internal Revenue Service (IRS) to withhold tax from some of the interest pa
bond obligor. This requirement is based on IRS backup withholding rules. 1
determining whether some of the interest must be withheld, please complet
IRS Form W-9 or IRS Form W-8BEN, based on the instructions below. ICE
you provide to determine whether or not you are subject to the IRS backup

**Consequences of not returning the IRS Form:**  If you fail to return the ap
may withhold tax at a rate prescribed in IRS rules based on your apparent s
resident, or non-resident alien and on information provided, such as your ac
immigration bond process. If ICE does not have a valid taxpayer identificatic
appears you are a U.S. citizen or lawful permanent resident, ICE may withh
payments made to you that equal or exceed $600.00 within a calendar yea
a non-resident alien, federal backup withholding will be deducted at the rate
payments made.

## INSTRUCTIONS:

- If you are a U.S. citizen or lawful permanent resident, please comple

- If you are a non-resident alien, please complete Form W-8BEN.

- You may obtain Form W-9 or Form W-8BEN from the IRS website: y
  version of Form W-9 and its instructions are available on the IRS we
  link.

- If you have questions about how to fill out Form W-9 or Form W-8BE
  Toll Free at 1-800-829-1040.

- After completing the appropriate form, please send it to:

  Burlington Finance Center
  U.S. Immigration and Customs Enforcement
  P.O. Box 5000