IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARIO ALEXANDER GUEVARA, | |
| Petitioner, | CIVIL ACTION NO.: 5:25-cv-86 |
| v. | |
| WARDEN, FOLKSTON ICE PROCESSING CENTER, et al., | |
| Respondents. | |

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner, who is currently housed at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus through counsel. Doc. 1. The record reflects Petitioner has paid the $5.00 filing fee.

The Court directs the United States Marshal to serve a copy of the Petition, doc. 1, and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. See Fed. R. Civ. P. 4(i).

The Court orders Respondents to show cause, in writing, why Petitioner's writ should not be granted by filing an Answer within **5 days** of service of the Petition, given the nature of these proceedings. See Rule 5 of the Rules Governing Section 2254 Petitions.[1] The Court **DIRECTS** the Clerk of Court to serve a courtesy copy of this Order on the United States Attorney for the Southern District of Georgia.

---

[1] The Rules Governing Section 2254 Cases may also apply to habeas actions brought under Section 2241. Rule 1(b) of the Rules Governing Section 2254 Cases.

The Court notes Respondent has responded to Petitioner's requests for injunctive relief and has appeared at hearings on those requests before the Court. Respondent's response to the Petition may very well align with his responses already provided. However, the Court cannot resolve the issues before it without benefit of a response to the Petition, too.

Rule 4 of the Rules Governing Section 2254 Cases mandates that, unless "it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must order the respondent to file an answer, motion, or other response within a fixed time." Rule 4 of the Rules Governing Section 2241 Cases. "In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved." Id. The Court has reviewed the Petition, as Rule 4 mandates. Petitioner's claims against Respondent Warden do not appear plainly futile. However,

> [t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; see also id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. We summed up the plain language of the habeas statute over 100 years ago in this way: These provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary.

Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004) (internal citations and quotation marks omitted). Accordingly, the only proper Respondent in this action is the Warden at the Folkston ICE facility. Therefore, I **RECOMMEND** the Court **DISMISS** Todd Lyons, Kristi Noem, Pamela Bondi, and LaDeon Francis as named Respondents. See id. at 435 ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of September, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA