No. 25-13354

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MARIO GUEVARA,

*Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

## PETITIONER'S MOTION FOR EMERGENCY STAY OF REMOVAL

## CUSTODY STATUS: DETAINED

Johanna Cochran
Georgia State Bar No. 611902
**Cochran Immigration**
3675 Crestwood Parkway
Suite 400
Duluth, Georgia 30096
Tel.: 336-420-4876
*Counsel for the Petitioner*

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
ATLANTA, GEORGIA

| | |
|---|---|
| **MARIO GUEVARA,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**PAM BONDI,** Attorney General of the )<br>United States; and U.S. Immigration )<br>Customs Enforcement, in their official )<br>capacities, )<br>)<br>Respondents. )<br>) | Case No. 25-13354 |

**EMERGENCY STAY OF REMOVAL**

COMES NOW, Petitioner Mario Guevara ("Petitioner"), by and through counsel of record, and moves this court to stay his removal from the United States during the pendency of his petition for review pursuant to Section 242(b)(3)(B) of the Immigration and Nationality Act (8 U.S.C. § 1252(b)(3)(B)). Petitioner is currently in Respondent's custody and is being detained at Folkston Detention Center.

A petition for review was filed with this Court on September 25, 2025. Because Petitioner's case is likely to succeed on the merits, and a grant of this stay would be in the public's interest, Petitioner respectfully requests that he be given the opportunity to litigate his case.

2

**STATEMENT OF FACTS**

Petitioner Mario Guevaram is a 48-year-old native and citizen of El Salvador who last entered the United States on March 29, 2004 on a visitor visa and has remained in the country since with his wife and two adult children—one of whom is a U.S. citizen. On September 29, 2005, Petitioner affirmatively applied for asylum and withholding of removal with the United States Citizenship and Immigration Services ("USCIS"). His application was then referred to the Immigration Court and he was issued a Notice to Appear in June 2008.

On June 21, 2012, the IJ ███████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████ granted voluntary departure in the alternative. On June 26, 2012, Petitioner paid the voluntary departure immigration bond in the amount of $500. On July 21, 2012, Petitioner appealed to the Board. On December 17, 2012, the Board administratively closed Petitioner's appeal after Petitioner filed a timely brief. DHS did not file a timely brief prior to the administrative closure. On April 7, 2025, Petitioner's United States citizen son filed an I-130, Petition for Alien Relative on his behalf. (Receipt Number IOE9109732601). On June 27, 2025 DHS filed a Motion to Recalendar the appeal. On July 9, 2025, Petitioner filed a

3

Non-Opposition to the Motion to Recalendar with a Motion to Remand. On July 12, 2025, the Board dismissed the appeal and denied the motion for remand. A Petition for Review was filed on September 25, 2025.

## FACTORS JUSTIFYING STAY

Petitioner respectfully submits that the Court should exercise its discretion to grant a stay of removal pending disposition of the Petition for Review and any resultant proceedings. Adjudication of a motion for stay of removal requires that the Court consider four factors: (1) whether the stay applicant demonstrates a strong likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Nken v. Holder, 556 U.S. 4188, 434 (2009). In Petitioner's case all four factors favor the granting of a stay.

a. *Petitioner is likely to succeed on the merits of his case.*

The Board erred in denying Petitioner's Motion to Remand case back to immigration court, finding that Petitioner had failed to demonstrate prima facie eligibility for adjustment of status. The Board concluded that the Petitioner had failed to demonstrate prima facie eligibility for relief on remand because the petitioner's "pending and unapproved visa petition is insufficient . . . to meet his burden[.]" In support of this position, the Board cites to this Court's opinion in

4

*Chaku v. AG*, 555 F.3d 1281, in which an employment-based applicant did not have a visa immediately available to him to adjust status. The Board added that the Petitioner's evidence of his lawful admission and his pending I-130 petition were insufficient because the Board was looking for "a completed Form I-485 adjustment application[,] . . . or evidence further establishing prima facie eligibility." *See* BIA Order.

Not only is the Board's reasoning vague and legally incorrect, but its reliance on this Court's opinion in *Chaku* is misplaced. It is unclear what other "evidence" the Board could be referring to in its decision. What is clear is that the Board's own precedent does not require a specific list of documents or evidence; instead, relevant case law shows that a movant must present evidence "that was previously unavailable and would likely change the result in the case." *Matter of L-A-C-*, 26 I&N Dec. 516, 526 (BIA 2015). Furthermore, the BIA has said that

> [w]here an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues further at a full evidentiary hearing.

*Id.* at 420 (quoting *Matter of Sipus*, 14 I&N Dec. 229, 231 (BIA 1972) (emphasis added). The Board "does not require a conclusive showing that, assuming the facts alleged to be true, eligibility for relief has been established." *Matter of L-A-C-*, 26 I&N Dec. at 418-19. The Petitioner is the father of a U.S.

5

Case 5:25-cv-00086-LGW-BWC   Document 55-2   Filed 09/26/25   Page 6 of 14
USCA11 Case: 25-13354   Document: 3   Date Filed: 09/26/2025   Page: 6 of 34 RESTRICTED

citizen adult child and therefore is an immediate relative (8 U.S.C § 1151(b)(2)(A)(i)), and is not subject to the general numerical cap for visas, and he would have, after his I-130 petition is approved, an immigrant visa immediately available to him. *See* 22 C.F.R. § 42.21(a).

b. *Absent a stay of removal, Petitioner faces irreparable harm.*

Along with the likelihood of success on the merits, the irreparable injury inquiry is one of the "most critical" factors in adjudicating stay applications. Nken, 556 U.S. at 433. Absent a stay of removal, Petitioner will suffer irreparable harm for two reasons. First, ██████████████████████████████████ ██████████████████████████████ Second, there is a requirement that an applicant be "physically present" in the United States to file an I-485, Application to Register Permanent Residence or Adjust Status. 8 U.S.C. § 1255(i). Petitioner is eligible to file this application once his I-130 has been approved, as he would then have a visa immediately available to him through his status as an immediate relative of a U.S. citizen. If Petitioner is removed, he would no longer be eligible to file this application, complicating his pathway to lawful permanent status. The Court should grant a stay of removal to avoid these irreparable harms.

c. *The United States government would not be harmed by a stay and a grant would be in the public interest.*

6

The Court in *Nken* found that the last two stay factors, injury to other parties in the litigation and the public interest, merge in immigration cases because Respondent is both the opposing litigant and the public interest representative. 556 U.S. at 435. The Court further noted that the interest of Respondent and the public in the "prompt execution of removal orders" is heightened where "the alien is particularly dangerous" or "has substantially prolonged his stay by abusing the process provided to him." Id. at 436 (citations omitted).

Here, neither of these factors nor any other factors exist to suggest that the Respondent or the public have any interest in Petitioner's removal beyond the general interest noted in *Nken*. Petitioner arrived in the United States on or around March 29, 2004, over 20 years ago. He has not caused any delays in his case. He is not a threat to the community. He has complied with all orders of the Court and ERO directives. He also has a pathway to a green card. He has a pending I-130, Petition for Alien Relative filed on his behalf by his United States citizen son. Once approved, he will file an I-485, Application to Register Permanent Residence and has an immediate visa available through his status as an immediate relative of a U.S. citizen. Petitioner is a highly respected journalist and has received numerous accolades for his reporting. He is deeply devoted to his family—including his U.S. citizen son —and is a beloved member of his civic and religious communities and has no criminal convictions or pending criminal charges.

7

## CONCLUSION

Based on the foregoing reasons, Petitioner respectfully requests that the Court stay his removal during the pendency of this appeal.

Dated: September 26, 2025

Respectfully submitted,

**COCHRAN IMMIGRATION**

/s/ Johanna Cochran
by: Johanna Cochran
Georgia Bar No. 611902
*Attorney for the Petitioner*

**Cochran Immigration**
3675 Crestwood Parkway
Suite 400
Duluth, Georgia 30096
Tel.: 336-420-4876
Email: johanna@cochranimmigration.com

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
ATLANTA, GEORGIA

| | |
|---|---|
| **MARIO GUEVARA,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 25-13354<br>) |
| **PAM BONDI,** Attorney General of the United States; and U.S. Immigration Customs Enforcement, in their official capacities, | )<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26-1 of the Rules of the Court of Appeals for the Eleventh Circuit, the undersigned counsel of record certifies that the following persons have an interest in the outcome of this case:

- Guevara, Mario (Petitioner)
- Cochran, Johanna (Counsel for Petitioner)
- Bondi, Pam (Respondent)
- Sullivan, Kristen (Acting Immigration and Customs Enforcement ERO Director,
- Lyons, Todd (Acting Director of Immigration and Customs Enforcement)

9

- Gemoets, Marcos (Board of Immigration Appeals; Judge (Temporary))

There are no publicly traded companies or corporations that have an interest in the outcome of this case or appeal.

Dated: September 26, 2025                      Respectfully submitted,

                                                                     **COCHRAN IMMIGRATION**

                                                                     /s/ Johanna Cochran
                                                                     by: Johanna Cochran
                                                                     Georgia Bar No. 611902
                                                                     *Attorney for the Petitioner*

**Cochran Immigration**
3675 Crestwood Parkway
Suite 400
Duluth, Georgia 30096
Tel.: 336-420-4876
Email: johanna@cochranimmigration.com

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
# ATLANTA, GEORGIA

| | |
|---|---|
| **MARIO GUEVARA,** | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Case No. 25-13354<br>) |
| **PAM BONDI,** Attorney General of the United States; and U.S. Immigration Customs Enforcement, in their official capacities, | )<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

## CERTIFICATE OF SERVICE

A copy of the foregoing Emergency Stay of Removal was filed with the Court via ECF and this will provide notice to the registered users:

Pam Bondi
U.S. Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Ryan Matsuno
Chief Counsel
Office of the Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security
180 Ted Turner Dr. SW, Ste. 332
Atlanta, GA 30303

11

Dated: September 26, 2025                              Respectfully submitted,

                                                   **COCHRAN IMMIGRATION**

/s/ Johanna Cochran
by: Johanna Cochran
Georgia Bar No. 611902
*Attorney for the Petitioner*

**Cochran Immigration**
3675 Crestwood Parkway
Suite 400
Duluth, Georgia 30096
Tel.: 336-420-4876
Email: johanna@cochranimmigration.com

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
# ATLANTA, GEORGIA

| | |
|---|---|
| **MARIO GUEVARA,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **PAM BONDI,** Attorney General of the ) <br> United States; and U.S. Immigration ) <br> Customs Enforcement, in their official ) <br> capacities, ) <br> ) <br> Respondents. ) <br> ) | Case No. 25-13354 |

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface and type style requirements of FRAP 32(a)(5) and 32(a)(6) and the length limits set forth in FRAP 27(a)(2)(B). The motion contains 2071 words.

Dated: September 26, 2025                         Respectfully submitted,

**COCHRAN IMMIGRATION**

/s/ Johanna Cochran
by: Johanna Cochran
Georgia Bar No. 611902
*Attorney for the Petitioner*

**Cochran Immigration**
3675 Crestwood Parkway
Suite 400
Duluth, Georgia 30096
Tel.: 336-420-4876

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
# ATLANTA, GEORGIA

| | |
|---|---|
| **MARIO GUEVARA,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **PAM BONDI,** Attorney General of the ) <br> United States; and U.S. Immigration ) <br> Customs Enforcement, in their official ) <br> capacities, ) <br> ) <br> Respondents. ) <br> ) | Case No. 25-13354 |

## INDEX OF EXHIBITS

**TAB**                                                                                                                                                                                                                                                                              **PAGES**

**A.** Petitioner's Motion to Remand filed with the Board of Immigration Appeals on July 12, 2025……………………………………………………………… 1-9

**B.** Decision of the Board of Immigration Appeals dismissing appeal and denying Motion to Remand issued on September 19, 2025………………10-18