# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| MARIO ALEXANDER GUEVARA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:25-cv-86 |
| ) | |
| WARDEN, FOLKSTON ICE ) | |
| PROCESSING CENTER, et al., ) | |
| ) | |
| Respondents. ) | |

## MOTION TO DISMISS AND RESPONSE TO PETITION

Petitioner Mario Guevara has brought a habeas corpus petition under 28 U.S.C. § 2241 challenging his immigration detention. He argues that his detention violates his First and Fifteenth Amendment rights. Because his detention is lawful and does not violate the Constitution, this Court should dismiss or deny the Petition.

## FACTUAL BACKGROUND

Petitioner Mario Guevara is a citizen of El Salvador. Doc. 1, ¶ 18. He entered the United States in 2004. *Id.*, ¶ 18. In 2012, during immigration proceedings, Guevara conceded that he was removable from the United States. Doc. 2-2 at 28 n.1. The immigration judge denied Guevara's application for relief from removal, and he appealed that decision. Doc. 1, ¶ 20. While his appeal was pending, his immigration case was administratively closed. *Id.*, ¶ 20; Doc. 2-2 at 5. The Board of Immigration Appeals ("BIA") order administratively closing the case also stated that the proceedings could be reinstated by written request. *Id.*

1

On June 18, 2025, Immigration and Customs Enforcement ("ICE") took Guevara into custody. Doc. 1, ¶ 44. An immigration judge granted Guevara bond after a bond redetermination hearing, Doc. 2-2 at 28, and the Department of Homeland Security ("DHS") appealed that decision to the BIA, who stayed the bond order, Doc. 2-2 at 129.

On September 19, 2025, the BIA entered two orders. The first concerned the recalendaring of Guevara's removal proceedings. Doc. 49 at 6–13 ("BIA Removal Order"). The BIA reinstated Guevara's removal proceedings, dismissed his appeal to the BIA, and denied his motion to remand his removal proceedings back to the immigration judge. *Id.* at 13. The BIA also entered a final order of removal ordering Guevara removed from the United States. *Id.*

The BIA Removal Order also discussed whether Guevara should be granted voluntary departure from the United States. Doc. 49 at 13. In 2012, the immigration judge had granted Guevara's application for voluntary departure, but this grant was contingent on his payment of a $500.00 bond within five days. Doc. 24-1 at 20. In the alternative, the immigration judge ordered Guevara removed to El Salvador. *Id.* The BIA found that Guevara had "not presented *any evidence*" that he had ever posted the $500.00 bond. Doc. 49 at 13 (emphasis added). Therefore, the BIA found it lacked authority to enter an order permitting voluntary departure. *Id.*

The BIA's other order entered on September 19, 2025, concerned DHS's appeal from the immigration judge's bond decision. Doc. 47-2 at 7-8 ("BIA Bond Order"). The BIA dismissed the appeal from the bond decision because the BIA Removal Order had

rendered it moot. *Id.* at 7. Specifically, the BIA Bond Order recognized that the immigration judge's decision ordering Guevara's removal was "now final." *Id.* Therefore, "neither an Immigration Judge nor this Board has the authority to set bond conditions because a final administrative order has been entered in the respondent's removal case." *Id.* Guevara concedes that he is now subject to a final order of removal. Doc. 49 at 1.

On September 24, 2025, Guevara filed an Application for a Stay of Deportation or Removal with ICE. Doc. 55-1 at 4–18. In that application, Petitioner again conceded that the BIA had issued an order of removal in his immigration case. *Id.* at 14.

On September 25, 2025, Guevara filed a petition for review with the Eleventh Circuit. Doc. 55-2 at 2. On September 26, 2025, he filed an emergency stay of removal during the pendency of that review. *Id.* at 1. That same day, he filed a Motion to Reopen and Reinstate His Voluntary Departure Order with the BIA. *See* Doc. 55-3. On October 1, 2025, the Eleventh Circuit denied his emergency stay of removal. Exhibit 1.

Guevara is detained at the ICE Processing Center in Folkston, Georgia. Doc. 55-1, ¶ 3. Because he now has a final order of removal, he is detained pursuant to the authority of Immigration and Nationality Act ("INA") § 241(a)(2)(A), which is codified at 8 U.S.C. § 1231(a)(2)(A). *Id.* That statute requires detention of aliens "[d]uring the removal period." 8 U.S.C. § 1231(a)(2)(A).

3

## PETITIONER'S ALLEGATIONS

Petitioner's habeas corpus petition was filed pursuant to 28 U.S.C. § 2241. Doc. 1, ¶ 15. The "sole function" of habeas is to seek release; "it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976). The Petition presents only two claims: First, Petitioner alleges that his detention violates his protected speech rights and press activity under the First Amendment. Doc. 1, ¶¶ 110–113. Second, he alleges that his detention violates his right to due process under the Fifth Amendment. *Id.*, ¶¶ 115–119. He asserts that these constitutional violations justify his immediate release on bond. *Id.* at 29.

## ARGUMENT

Petitioner challenges his detention during removal proceedings under habeas corpus, 28 U.S.C. § 2241. Doc. 1, ¶ 1, 15. His challenge should be dismissed for several reasons. First, this Court lacks jurisdiction to entertain challenges to the execution of Petitioner's removal under 8 U.S.C. § 1252(b)(9), (g). Second, Petitioner's challenge to his detention under § 1231(a) has not been exhausted. Third, Petitioner's detention is lawful—and indeed mandated by statute. Fourth, Petitioner has failed to identify any non-speculative basis for his allegation that his detention violates his constitutional rights. Fifth, Petitioner's complaints about BIA's decisions can be made only to the Eleventh Circuit, not to this Court. Finally, because his Petition challenges now-moot bond proceedings, the Petition too should be dismissed as moot to the extent it too challenges those proceedings.

## I. This Court lacks jurisdiction to consider Petitioner's challenge.

As Respondents have argued elsewhere, Doc. 24 at 8–10; 37 at 5–8; Doc. 55 at 10–11, the plain text of 8 U.S.C. § 1252(g) precludes federal district courts from exercising jurisdiction over § 2241 petitions if they "aris[e] from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.*, § 1252(g). The Eleventh Circuit has described this provision as "unambiguous." *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013), *reh'g denied*, 737 F.3d 694 (11th Cir. 2013), *cert. denied*, 573 U.S. 931 (2014). "When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged." *Canal A Media Holding, LLC v. U.S. Citizenship & Imm. Servs.*, 964 F.3d 1250, 1257–58 (11th Cir. 2020). The plain language of § 1252(g) precludes habeas jurisdiction over challenges to post-removal detention, as the Eleventh Circuit has agreed: Challenging removal orders and seeking to halt removal "fall[s] squarely within § 1252(g)'s jurisdictional bar" because it constitutes "execution of . . . removal orders." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021). By requesting release and a stay of his removal, Petitioner plainly seeks to challenge "the decision or action by the Attorney General to . . . execute [his] removal order[.]" 8 U.S.C. § 1252(g). Therefore, this Court lacks jurisdiction over this § 2241 petition.

Petitioner argues that, because he has asserted that his detention is due to his reporting activity and not due to the execution of his removal, his claims should not be barred by § 1252(g) pursuant to *Alvarez U.S. Immigr. & Customs Enf't*, 818 F.3d

5

1194, 1204 (11th Cir. 2016). Doc. 47-1 at 5-6. In *Alvarez*, the Eleventh Circuit found that, because the petitioner had alleged that the ICE defendants were "motivated by the singular intent to prolong his detention, not to execute his removal," his claims on that issue did not fall within the scope of § 1252(g). *Id.* Petitioner's *Alvarez* argument should be disregarded. His argument was based on incomplete information, since it was based on his assumption that "there is no final order of removal against him." *See* Doc. 47-1 at 6. But Petitioner later received—and submitted to this Court— that very order and then updated his position. *See* Doc. 49 at 1 ("Mr. Guevara is therefore subject to a final order of removal"). There is therefore no dispute that his detention is subject to his final order of removal, pursuant to 8 U.S.C. § 1231(a)(2)(A) (making detention pursuant to a final order mandatory). *See* Doc. 55-1, ¶¶ 3, 5. The very purpose of this detention is to execute removal, *see generally* 8 U.S.C. § 1231, which brings it under the bar on habeas jurisdiction outlined in § 1252(g).

That Petitioner alleges his detention is due to his reporting activity— essentially a selective enforcement claim—does not change this analysis. "[A]n alien unlawfully in this country has no constitutional right to assert selective enforcement as a defense against his deportation." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 488 (1999). Section 1252(g) still operates to bar allegations that the discretionary decision to detain an alien was based on the exercise of his First Amendment rights. *Zundel v. Gonzales*, 230 F. App'x 468, 475 (6th Cir. 2007); *see also Zundel v. Holder*, 687 F.3d 271, 275–76 (6th Cir. 2012). Further, Petitioner's allegation that his immigration detention is due to his reporting is unsupported,

6

especially when compared with Respondents' evidence that his detention is due to his final order of removal. *See* Doc. 55-1, ¶¶ 3, 5.

Similarly, 8 U.S.C. § 1252(b)(9) precludes this Court's jurisdiction over the claims Petitioner raises in his Third Motion. This provision removes habeas jurisdiction over challenges "arising from any action or proceeding brought to remove an alien." *Id*. It explicitly applies to § 2241 petitions. When a habeas petitioner challenges removal proceedings, § 1252(b)(9) applies to bar his claim. *See, e.g.*, *Tejeda v. Warden, FCI Jesup*, No. 2:25-cv-11, 2025 WL 2609733, at *1 (S.D. Ga. Aug. 19, 2025) (Cheesbro, J.) ("Tejeda's challenge necessarily would require the Court to evaluate his claim that the final order of removal is invalid, something this Court is precluded from doing."), *report and recommendation adopted*, 2025 WL 2607964 (S.D. Ga. Sept. 9, 2025). District courts are barred from reviewing removal proceedings regardless of how the alien characterizes his claim. *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 700 (11th Cir. 2011) (affirming district court's dismissal of challenge to removal order brought pursuant to the federal question and mandamus statutes, Administrative Procedure Act, and the Declaratory Judgment Act).

Although not raised in his Petition, Petitioner has explicitly challenged his final order of removal. Docs. 47-2 at 2 (arguing that the BIA's decision is incorrect); 49 at 1 (arguing that the BIA's decision was erroneous). Such challenges cannot be brought under 28 U.S.C. § 2241: "district courts lack habeas jurisdiction to entertain challenges to final orders of removal." *Themeus v. U.S. Dep't of Just.*, 643 F. App'x 830, 832 (11th Cir. 2016). This Court "lacks jurisdiction" to enjoin Petitioner's

7

removal on the same basis. *See Thompson v. Johns*, No. 5:20-cv-4, 2020 WL 5507821, at *2 (S.D. Ga. Aug. 18, 2020) (Cheesbro, J.), *report and recommendation adopted*, 2020 WL 5414568 (S.D. Ga. Sept. 9, 2020).

Therefore, this Court should dismiss the Petition for lack of jurisdiction.

## II. Petitioner has not exhausted administrative remedies.

Petitioner is required to exhaust available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). He has not done so. To the extent that he believes a delay of his removal is warranted, administrative procedures to achieve this are available, such as moving for reconsideration with the BIA or applying for relief from removal with ICE/ERO. In fact, Petitioner is already pursuing these administrative remedies. *See* Doc. 55-1, 3–18; Doc. 55-3. To the extent that Petitioner believes the BIA erred, he has an avenue to exhaust this claim as well: filing an appeal with the Eleventh Circuit Court of Appeals. *See, e.g., Thompson*, 2020 WL 5507821, at *2 (concluding habeas petitioner should have filed with the Eleventh Circuit and recommending dismissal). He is also pursuing that avenue. Doc. 55-2. Because Petitioner does not appear to have completed either administrative approach, Respondents submit that his available remedies have not been exhausted.

Therefore, this Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies.

## III. Petitioner's detention is lawful and mandatory.

Petitioner has a final order of removal, Doc. 49 at 6–13, so his current detention is pursuant to 8 U.S.C. § 1231(a), Doc. 55-1, ¶¶ 3, 5. Such detention is mandatory.

Section 1231(a) requires the Attorney General to detain aliens who have final orders of removal. 8 U.S.C. § 1231(a). As the Supreme Court has noted: "After the entry of a final order of removal against a noncitizen, the Government generally *must* secure the noncitizen's removal during a 90-day '"removal period."'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (quoting 8 U.S.C. § 1231(a)(1)(A)) (emphasis added). Because the Eleventh Circuit denied his motion for a stay, his detention certainly remains pursuant to § 1231(a). *See, e.g., H.N. v. Warden, Stewart Det. Ctr.*, No. 7:21-cv-59, 2021 WL 4203232, at *2 (M.D. Ga. Sept. 15, 2021).

Here, there is no dispute that Petitioner is subject to mandatory detention. In fact, Petitioner has argued that § 1231(a) authorized ICE to detain aliens during the removal period. Doc. 47-1 at 8. Thus, absent a showing that his § 1231(a) detention has become unconstitutionally prolonged—a claim he has not made and which would be unsuccessful—Petitioner's current detention is authorized by law.

Therefore, the Court should dismiss Petitioner's challenge to his lawful detention.

## IV. Petitioner has failed to state any claims of Constitutional violations.

Petitioner alleges that his detention "is designed" to violate his First Amendment rights. Doc. 1, ¶¶ 110–13. He also asserts violations of the Fifth Amendment. *Id.*, 115–19. His Petition fails to present sufficient factual matter to be plausible, and there is no reasonable inference that would allow for the conclusion that his detention violates his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (establishing the standard to state a claim). Therefore, this Court should dismiss his Petition for failure to state a claim of constitutional violations.

Despite the allegations in his Petition, there is no dispute that Petitioner is detained due to a final order of removal. Doc. 55-1, ¶¶ 3, 5 (citing 8 U.S.C. § 1231(a)). He agrees that he is subject to a final order of removal. Doc. 49 at 1. He also does not dispute that such detention is both mandatory and authorized by statute. *See* Doc. 47-1 at 8. This should end this Court's inquiry; Petitioner's detention is not due to any violations of a constitutional rights.[1] Petitioner has even conceded that his initial immigration detention was due to an ICE detainer, which he does not contend was based on any reporting activity. *See* Doc. 1, ¶ 44. Whereas Petitioner initially had alleged DHS exercised its discretion under 8 U.S.C. § 1226(a) to detain him based on protected First Amendment activity, that discretion no longer exists. Stated differently, Petitioner must be detained pursuant to the final order of removal, regardless of Respondents' subjective motivations.

---

[1] Respondents do not dispute that § 1231(a) detention can result in unconstitutionally prolonged detention, but that is not the situation before this Court and therefore relief on that basis would be inappropriate here. Petitioner has not sought relief pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme concluded that six-months' detention after an order of removal was presumptively reasonable. *Zadvydas*, 533 U.S. at 701; *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) (discussing *Zadvydas*). Thus, to state a *Zadvydas* claim, an alien "not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Petitioner's § 1231(a) immigration detention has not exceeded six months, and there is a significant likelihood of his removal in the reasonably foreseeable future, *see* Doc. 55-1, ¶ 7. Therefore, even if he had argued raised a *Zadvydas* claim in his Petition, it would fail.

Further, the Petition fails to identify any action taken by any federal actor that would constitute a violation of Petitioner's First or Fifth Amendment rights. He claims that his detention per se violates his First Amendment rights because it is "is designed" to restrict his rights. Doc. 1, ¶¶ 111–12. But detainees retain First Amendment rights that are not inconsistent with their status or the legitimate objectives of their detention. *Mitchell v. Peoples*, 10 F.4th 1226, 1229 (11th Cir. 2021) (discussing pretrial detainees). Put differently, lawful incarceration can sometimes restrict the First Amendment rights of those incarcerated. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). If some restrictions are permissible, then the mere fact of detention cannot constitute a violation of the First Amendment. Apart from speculative and conclusory allegations about Respondents' motives, the Petition does fails to do more than allege that the mere fact of Petitioner's detention constitutes a constitutional violation. *See* Doc. 1, ¶¶ 111–12. This is insufficient to state a claim that Petitioner's First Amendment rights have been violated by any federal actor.

Petitioner argues that because DHS has failed to establish that that his detention is necessary, his continued detention violates his Fifth Amendment right to due process. Doc. 1, ¶ 118. But Petitioner also concedes that he has a final order of removal. Doc. 49 at 1. This makes his detention mandatory, *see* 8 U.S.C. § 1231(a), not discretionary. His detention has not been of indefinite duration; he has been under a final order of removal for mere weeks. *See* Doc. 49 at 13. Since removal to his country of citizenship is likely to occur in the reasonably foreseeable future, Doc. 55-1, ¶ 7, his detention bears a reasonable relation to the legitimate government purpose

of effecting his removal. *See Zadvydas*, 533 U.S. at 697 (noting that § 1231(a) "has as its basic purpose effectuating an alien's removal"). Other than citing the mere fact of his detention, Petitioner fails to allege any action by a federal actor that violates his Fifth Amendment right to Due Process.

Because Petitioner has failed to state a claim of any constitutional violation arising from his current immigration detention, the Court should dismiss these claims.

## V. Petitioner cannot challenge decisions of the BIA in this Court.

When the BIA enters a final order of removal, that decision can be challenged only in the Eleventh Circuit. Under 8 U.S.C. § 1252(a)(5), the "exclusive means" to challenge a final order of removal the appropriate court of appeals. *Alexandre v. United States Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006). This path was intended as an adequate "alternative" to habeas corpus. *Id.* Thus, "an order of removal may be reviewed only by a court of appeals after the filing of a petition for review." *Mata*, 426 F. App'x at 699–700.

Here, Petitioner does not dispute that the BIA entered a final order of removal. Doc. 49 at 1, 13. It is not clear whether Petitioner is attempting to challenge this order, since he has not amended his Petition. But his Petition could be read to implicitly challenge this order. Even if read so generously, such a claim should be dismissed. A final order of removal cannot be reviewed in this Court. *Alexandre*, 452 F.3d at 1206. (Perhaps recognizing this, Petitioner has already initiated review at the Eleventh Circuit, Doc. 55-2, but has not sought to amend his Petition in this Court.)

Therefore, even if the Petition is read to implicitly challenge the final order of removal, such a challenge should be rejected.

## VI. Any challenge to Petitioner's bond determination is now moot.

Once a final order of removal is entered, a detained alien's challenge to the bond decisions of the immigration court become moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001) (finding challenge to bond determination moot after final order of removal had been entered); *Dixit v. Warden, Irwin Cnty. Det. Ctr.*, No. 7:18-cv-157, 2019 WL 12267340, at *2 (M.D. Ga. Sept. 17, 2019) (same).

That is the case here. The Petition challenged Petitioner's detention subsequent to the bond decision of the immigration judge. Doc. 1, ¶¶ 59–89. He argues that he should have received the bond that had been ordered by the immigration judge, which was later stayed by the BIA. *Id.* At that time, his detention was subject to 8 U.S.C. § 1226(a). Doc. 24-1, ¶ 3. However, because a final order of removal now mandates his detention, any challenge premised upon the earlier bond decision of the immigration judge is now moot. The BIA recently reached the same conclusion in its consideration of its case. *See* BIA Bond Order (ruling moot the appeal of the bond decision).

## CONCLUSION

This Court should deny or dismiss the Petition.

[*signature page to follow*]

13

Respectfully submitted, this 1st day of October, 2025,

        MARGARET E. HEAP
        UNITED STATES ATTORNEY

        */s/ O. Woelke Leithart*
        Idaho Bar No. 9257
        Assistant United States Attorney
        U.S. Attorney's Office
        Post Office Box 8970
        Savannah, Georgia 31412
        Telephone: (912) 652-4422
        E-mail: Woelke.Leithart@usdoj.gov